IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald Marshall Ferguson, ) | C/A NO. 3:10-2641-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Betty Mabry; John Durst, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for pre-service review of Plaintiff's complaint.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On November 23, 2010, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on December 7, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection

---

[1] Plaintiff is proceeding *pro se* and has filed an application to proceed *in forma pauperis*. Dkt. Nos. 1, 2.

is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, the complaint, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objection, the court agrees with the recommendation of the Magistrate Judge, albeit on slightly different grounds. Accordingly, the court adopts and incorporates the Report and Recommendation except as modified below.

Through his objection, Plaintiff asserts that he is seeking relief from the two Defendants (both named as individuals with no capacities specified) based on their status as the heads of two state agencies: the South Carolina Department of Transportation ("SCDOT"); and the South Carolina Department of Parks, Recreation and Tourism ("SCPRT"). For present purposes, the court will assume that this clarification would support allowing Plaintiff to cure any defect in his naming of Defendants through amendment of his complaint to name the current heads of these two departments in their official capacities. Thus, while the court agrees with the Report's recommendation that the action be dismissed for failure to allege wrongdoing by the named Defendants, it assumes for present purposes that this defect could be cured, albeit not by naming the individuals now named, even in their "official" capacities.[2]

Plaintiff also argues that he is not precluded from pursuing this action by his failure to "appl[y] for and obtain[] a copyright of his work prior to the time that it came into the possession

---

[2] Neither of the individually-named Defendants are currently directors of the referenced departments.

2

of the state agencies[.]" Report at 3. Plaintiff is correct that prior registration (or, for that matter, contemporaneous notice) is not required to seek relief for alleged infringement. *See generally Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45 (5th Cir. 1995) (copyright notice is no longer prerequisite to copyright protection for works created after March 1, 1989). Registration does, however, remain as a prerequisite to suit. *See* 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1247 (2010) (noting that "[t]he registration requirement in 17 U.S.C. § 411(a) . . . imposes a [nonjurisdictional] precondition to filing a claim"). Plaintiff does not allege that he has satisfied this prerequisite to litigation.[3]

For the reasons set forth above and in the Report (except as modified above), the undersigned dismisses the complaint without prejudice and without issuance of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 21, 2010

---

[3] While the court does not rest its dismissal on these grounds, it notes that the slogan for which Plaintiff apparently seeks protection may not be covered by the Copyright Act. A newspaper clipping which Plaintiff submitted in support of his objection suggests that he is seeking recovery for the SCDOT and SCPRT's use of the slogan "Smiling Faces, Beautiful Places." Plaintiff apparently suggested use of a very similar phrase in April 1992 in response to a newspaper's invitation to its readers to suggest a new welcome sign for South Carolina. *See* Dkt. No. 11 at 1(stating "my intellectual property, my epigraph[,] was stolen and used without my written or verbal consent." ); Dkt. No. 11-1 (newspaper clipping showing submission by Ronald Ferguson of design which included the slogan "Smiling Faces & Beautiful Places"). As the United States Copyright Office notes in one of its circulars, "names, short phrases, and slogans" are "generally not eligible for federal copyright protection." *See* Circular 1, *Copyright Basics,* "What Is Not Protected by Copyright?" (U.S. Copyright Office Rev: 08/2010) (http://www.copyright.gov/circs accessed December 21. 2010).